THE PEOPLE OF THE STATE OF NEW YORK ex rel. ADOLPH SCHUMANN, Respondent, *v.* BIRD S. COLER, as Comptroller of the City of New York, and JAMES McCARTNEY, as Commissioner of Street Cleaning of the City of New York, Appellants.

*New York city civil service — a veteran employed in Brooklyn at the time of the consolidation is not entitled to the same salary when transferred to a position in the consolidated city.*

Under section 127 of the Greater New York charter (Laws of 1897, chap. 378), providing that veterans in the employ of the municipalities consolidated "shall be retained in like positions and under the same conditions by the corporation constituted by this act, to serve under such titles and in such way as the head

of the appropriate department or the mayor may direct," a veteran who, at the time the consolidation was effected, was employed by the city of Brooklyn as a street inspector, at a salary of $1,200 per annum, and who was assigned, in good faith, to the position of section foreman in the consolidated municipality (which was the position most closely approximating in character that of the position which he formerly held); the salary attached to which position is, by section 536 of the Greater New York charter, fixed at $1,000, is not entitled to receive compensation at the rate of $1,200 per annum — especially as, under the charter of the city of Brooklyn, the head of the department in that city, in which the veteran was employed, might have increased or diminished his compensation.

APPEAL by the defendants, Bird S. Coler, as comptroller of the city of New York, and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 27th day of January, 1899, granting the relator's motion for a peremptory writ of mandamus, directed to the defendants, requiring the defendant James McCartney, as commissioner of street cleaning of the city of New York, to certify to the defendant Bird S. Coler, as comptroller of the city of New York, that the relator has rendered and performed services in the department of street cleaning of the city of New York during the month of November, 1898, and is entitled to receive for said services the sum of $100, and requiring the defendant Bird S. Coler, as comptroller of the city of New York, to pay such sum.

*William J. Carr, Assistant Corporation Counsel,* for the appellants.

*Thomas F. Magner,* for the respondent.

PER CURIAM:

The relator is a veteran of the Civil War, and at the time of the consolidation of New York and Brooklyn was an employee in the department of city works of the latter city as a street inspector, his duty being the supervision of the street cleaning in a district of the city. On the transfer of employees directed by the charter, the relator, with all the other street inspectors of Brooklyn, was assigned to duty by the commissioner of street cleaning as section foreman. The relator's salary before the consolidation was $1,200 per annum.

The salary of section foremen prescribed by section 536 of the charter of the Greater New York (Laws of 1897, chap. 378) is $1,000 per annum. The commissioner certified the relator's salary to the comptroller for payment at the rate of $1,000 per year. The relator thereupon instituted this proceeding to enforce the payment to him of salary at the rate of $1,200 per year. From an order granting a peremptory writ of mandamus this appeal is taken.

By section 127 of the charter it is provided that veterans " shall be retained in like positions and under the same conditions by the corporation constituted by this act, to serve under such titles and in such way as the head of the appropriate department or the mayor may direct." The constitution of the street cleaning department and the character of the different positions therein are prescribed by section 536, already mentioned. The position of street inspector is not continued or provided for by the charter. Doubtless this did not relieve the commissioner from continuing the relator's employment and assigning him to duty in a position of a character most closely approximating to that of the position he formerly had held. This the commissioner seems to have done in good faith. He appointed all the Brooklyn street inspectors section foremen. He did not appoint any district superintendents in the borough of Brooklyn, because in that borough the work of cleaning the streets is being still discharged by private parties under a contract made before the consolidation. The relator asserts that the commissioner has appointed a time collector in the borough, but this the commissioner in his affidavit denies, and asserts that the person is merely a clerk in the office and not a member of the uniformed force. This denial must be accepted as true on the question of the right to a peremptory writ. The real difficulty with the relator's case is the failure of the charter to continue his position at least *eo nomine* in existence, and its provision that the new position, the one most similar to that previously held by the relator, shall not be paid more than $1,000 a year. The only question is whether the provision of section 127, that he " shall be retained * * * under the same conditions," secures to him the salary he had previously received, despite the limitations on salaries prescribed by section 536. We think not.

The effect of section 127 of the charter was not to increase the rights or privileges of the veteran, but to secure to him those already had before the enactment of the charter. (*People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495.)    Under section 2, title 3 of the charter of the city of Brooklyn (Chap. 583, Laws of 1888), the head of the department in which the relator served might have increased or diminished his compensation.   Therefore, while the tenure of his position was secure, except for incompetency or wrong-doing, the amount of his salary was not exempt from alteration. The fixity of his compensation was not, at the time of the consolidation, a condition under which the relator held his employment.   Of course, under chapter 312 of the Laws of 1884, as amended by chapter 821 of the Laws of 1896, in reference to the employment of veterans, the commissioner cannot make any capricious reduction in the relator's salary to compel his retirement; but, as already stated, nothing of the kind is shown in the present case.

The order appealed from should be reversed and motion denied, without costs.

All concurred.

Order reversed and motion denied, without costs.

---

NOTE.— The rest of the cases of this term will be found in the next volume, 39 App. Div.—[REP.